IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EUGENE ABNER, #00642616,<br>  PETITIONER,<br><br>v.<br><br>WARDEN BRITT,<br>  RESPONDENT. | §<br>§<br>§<br>§  CIVIL CASE NO. 3:22-CV-920-C-BK<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Eugene Abner's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** due to improper venue.

On April 26, 2022, Abner filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1992 Harris County conviction in cause number 610227 for aggravated sexual assault of a child. Doc. 3 at 2. He did not pay the $5 filing fee or submit a motion to proceed *in forma pauperis*. A review of PACER confirms that Abner filed numerous successive habeas petitions challenging this conviction without first seeking authorization from the Fifth Circuit Court of Appeals. *See Abner v. Lumpkin*, No. 4:22-CV-1033 (S.D. Tex., Houston Div., Apr. 13, 2022) (summarizing prior petitions). As a result of his repeated filings, the United States District Court for the Southern District of Texas recently warned him that "further successive habeas petitions without authorization from the Fifth Circuit Court of Appeals will subject him to the imposition of monetary or other sanctions against him." *Id.*

28 U.S.C. § 2241(d) provides that a habeas corpus action may be filed in either the district court for the district where the petitioner is in custody, or in the district court for the district within which the petitioner was convicted and sentenced. *See Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000) (citing *Story v. Collins*, 920 F.2d 1247, 1250-51 (5th Cir. 1991)). Here, Abner was convicted and sentenced in Harris County, which is located within the boundaries of the United States District Court for the Southern District of Texas, Houston Division. *See* 28 U.S.C. § 124(b)(2). He is currently incarcerated at the Telford Unit, in New Boston, Texas (Bowie County), which lies within the boundaries of the United States District Court for the Eastern District of Texas, Texarkana Division. *See* 28 U.S.C. § 124(c)(5). As such, venue is not proper in the Northern District of Texas.

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). *See Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (concluding the district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice). Here, it appears Abner filed the petition *sub judice* as an attempted end-run around the April 13, 2022 sanction warning issued by the U.S. District Court for the Southern District of Texas. Doc. 3 at 10 (reflecting his petition was signed on April 20, 2022, one week after the April 13, 2022 sanction warning). Given Abner's penchant for filing successive habeas

petitions, the Court should apply its broad discretion to dismiss his successive petition without prejudice to it being filed in the proper district.

Accordingly, it is recommended that this habeas corpus action be **DISMISSED WITHOUT PREJUDICE** due to improper venue.  *See* 28 U.S.C. § 1406(a).

**SO RECOMMENDED** on April 28, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).